**ETHEL MAY BISHOP, Administratrix, C.T.A.**
**of the Estate of Cory Bishop, Deceased, Appellant**
v.
**ESTATE OF C. R. VOSE, Deceased,**
**ALFRED M. SCHAFFER,**
**et al., Executors, Respondents**

No. 12,723

United States Court of Appeals
Third Circuit

Argued January 27, 1959

Decided March 2, 1959

*See, also, 264 F.2d 244*

CROXTON WILLIAMS, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

WILLIAM W. BAILEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for respondents*

Before MAGRUDER, WOODBURY and HASTIE, *Circuit Judges*

PER CURIAM

Cory Bishop and C. R. Vose, owners of all of the stock of a corporation, were mutually bound by an agreement providing that in the event of the death of either of them "the survivor . . . shall have the right [for a limited time] to purchase from decedent's estate his stock. . . ." By its terms this agreement was to "operate for the benefit of the stockholders and their respective executors, [and] administrators. . . ." Bishop died first, and Vose died shortly thereafter. In the present proceeding the administratrix of Bishop is asking the court to extend the time within which she may exercise the privilege of stock purchase which she claims under the above quoted agreement. The District Court dismissed the petition without receiving testimony.

The action of the District Court was clearly correct. The agreement provided explicitly and without ambiguity that as between the stockholders the privilege of acquiring the stock of the other should be accorded to the "survivor". Whether a "survivor" had to exercise the option personally, or whether his executor or administrator could do so after his death, we need not and do not decide. For Bishop did not survive Vose. Therefore, the situation never arose under which Bishop, or anyone claiming in his interest, could assert a right to purchase the Vose stock.

In the opinion of the District Court there is some mention of an effort of Vose to purchase the Bishop stock from the Bishop estate. Apparently that matter is in controversy in a separate proceeding. Certainly, it is not in issue here. It is neither adjudicated nor to be prejudiced by anything said about it in this proceeding.

The judgment will be affirmed.